UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY BROUHARD,<br><br>                Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | Case No.: 22-cv-1578-AJB-KSC<br><br>**ORDER GRANTING JOINT MOTION [Doc. No. 23]** |

      The parties' joint motion to amend the Scheduling Order is presently before the Court. *See* Doc. No. 23. The parties have asked to reopen fact discovery (which closed on July 14, 2023) until August 28, 2023. *See id.* They state the reopened fact discovery window is necessary to secure plaintiff's deposition and the deposition of a 30(b)(6) witness. *Id.* A scheduling order may not be modified without a showing of good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the part[ies] seeking amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Carelessness is not a substitute for good cause and does not generally warrant relief. *See id.*

      Discovery in this case has been open since the parties had their Rule 26(f) conference. However, the plaintiff's deposition, which is obviously central to a case like this, was inexplicably set for after the fact discovery cutoff, rather than during the many

months of fact discovery. *See* Doc. No. 23-1 ¶ 12. The court reminds the parties that depositions and other discovery may not be taken after the fact discovery cutoff without leave of court. *See Rakhra v. PHW Las Vegas, LLC*, 2:12-cv-1287-JAD-PAL, 2014 WL 99302, 214 U.S. Dist. LEXIS 434, at * (D. Nev. Jan. 3 2014); *Accord Prodox, LLC v. Prof'l Doc. Servs.*, 341 F.R.D. 679, 686 n.12 (D. Nev. 2022); *Linksmart Wireless Tech. v. Gogo, Inc.*, 8:18-cv-654-JAK (JDEx), 2021 WL 4895738, 2021 U.S. Dist. LEXIS 207141, at *8-13 (C.D. Cal. Mar. 25, 2021). Then, after setting the deposition after the fact discovery cutoff without leave of court, defendant cancelled the deposition, apparently without any plans to secure the testimony. Doc. No. 23-1 ¶ 24.

A scheduling order "is not a frivolous piece of paper, idly entered into, which can be cavalierly disregarded without peril." *Johnson*, 975 F.3d at 610. Assuming the Court would grant leave to take plaintiff's deposition late was not a safe assumption. On facts like these, the Court would be within the bounds of its discretion to deny the request to reopen discovery for plaintiff's deposition. *See Thompson v. Corelogic Rental Prop. Sols., LLC*, 21-cv-1716-GPC-WVG, 2022 WL 16753141, 2022 U.S. Dist. LEXIS 187672 (S.D. Cal. Oct. 13, 2022).

Even so, counsel for defendant identifies some hardships at play here. There are allusions to a "critically ill parent." *See* Doc. No. 23-1 ¶ 23. Counsel's supporting declaration also suggests there are procedural hardships imposed by plaintiff's status as an out-of-state probationer. *Id.* ¶ 26. Finally, fact discovery must be reopened in this matter because defendant must testify under Rule 30(b)(6), which would have happened within the time limits set by the operative Scheduling Order if defendant had not failed to prepare a witness as required by the applicable discovery rules. *See id.* ¶ 20. The Court finally notes the Joint Motion is not opposed by either party in any part. Accordingly, the Court will err on the side of caution and the Joint Motion will be **GRANTED** in full. Fact discovery is reopened in this matter for the limited purposes of taking plaintiff's deposition and a 30(b)(6) deposition of defendant.

The Court notes the deadline for initial expert disclosures has already come and gone, and this case has moved into the expert phase of discovery. *See* Doc. No. 20 at 1-2. The parties do not have the luxury of making ad hoc expert "supplements" if they have ignored these deadlines. *See generally Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183 (S.D. Cal. 2020). The Court assumes and expects the parties have not missed these deadlines. Absent exceptional circumstances, the failure to secure timely fact discovery will not be good cause to extend the expert discovery deadlines in this case, and the parties are directed to conduct expert discovery with diligence so discovery in this case concludes timely and the case is prepared for trial.

**IT IS SO ORDERED**

Dated: July 25, 2023

Hon. Karen S. Crawford
United States Magistrate Judge